Shauck, J.
This cause was appealed from the court of common pleas to the district court of Franklin county prior to the ninth day of February, 1885, when this court became the successor of the district court. The original appeal bond was conditioned upon the judgment of the district court. No additional bond has been filed. No motion to dismiss the appeal was filed until after April 16, 1885.
The appellant now moves for leave to file such additional bond. The appellee resists that motion, and moves that the appeal be dismissed for want of such bond.
In section 454d, of the act of April 14, 1884, to provide for the organization of circuit courts, it was provided that a party who, in a case like this, had given bond conditioned upon the judgment of the district court, should, within thirty days after the ninth day of February, 1885, give an additional bond conditioned upon the judgment of the circuit court. The rights of the parties, and the duty of this court upon failure to give such bond within' the time designated, were defined in the following portion of the section referred to :
“ On failure' to give such bond, undertaking or recognizance, as required, upon motion filed and notice given, the circuit court may proceed in such action or proceeding as if no bond, undertaking or recognizance had ever been given.”
Under this section, prior to its amendment by the Act of April 16, 1885, for reasons with which counsel are familiar, we held that, upon filing a motion for that purpose, and giving notice thereof, the appellee’s right to a dismissal of the appeal was absolute in all cases where such additional bond had not been given within the time prescribed. The same *89 conclusion was reached in all the circuits of the state except one, and we do not doubt its correctness.
In view of the decisions in the circuits upon this question, and for the purpose of vesting the court with power to allow additional bonds to be filed after the time designated in the original section, the amendatory Act of April 16, 1885, was passed. It is conceded that the application made on behalf of the appellants is within the purpose and the language of the amendatory act; but on behalf of the appellees it is asserted, that before the passage of this amendatory act, they had acquired vested rights with respect to the judgment from which the appeal was taken, and that such rights cannot be affected by subsequent legislation.
To the validity of the amendatory act, three objections are urged:
1. That, in effect, it gives this court jurisdiction, by the exercise of legislative power, in cases where no jurisdiction previously existed.
2. It disturbs rights that have become vested.
8. It is retrospective in its operation.
It will not be denied that the appeal bond is essential to the jurisdiction of the appellate court, nor that the act in question involves the power to confer jurisdiction upon the circuit court. But remembering that the jurisdiction here sought to be conferred or saved is appellate and not original, section six of the fourth article of the constitution as amended, offers a conclusive answer to the first objection. For while that section specifically defines and limits the original jurisdiction of the circuit court, it vests in the general assembly unrestricted authority to' confer upon it appellate jurisdiction. Original jurisdiction is the power to hear and determine in the first instance. The jurisdiction sought to be saved here does not change its character by reason of the conceded right, which the appellee once had, to an order dismissing the appeal, if he had filed the required motion for that purpose and invoked the action of the court thereon.
Whatever rights the appellees had in the judgment of the common pleas court, they must be regarded as subject to such legislation of a remedial character as may be enacted. Of *90 that character is the legislation here questioned. It does not in any way affect the rights, of the parties, as they were considered in the court below and are to be considered here. It provides only for further judicial inquiry into those rights as they previously existed. “ It creates no new obligation, imposes no new duty, and attaches no new disability.”
J. T. Holmes, for appellant.

W. J. Gilmore, contra.

That legislation of this character is not repugnant to section twenty-eight of article two of the constitution of this state, must be accepted as settled by authoritative decisions.
Rairden et al. v. Holden, 15 O. S., 207; Templeton v. Kraner, 24 O. S., 554; Hays v. Armstrong, 7 Ohio, 1st part, 248.
Leave to file additional bond granted.